# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAMES JACKSON, | ) |
| | ) |
|     Petitioner, | ) |
| | ) |
| v. | )  Case No. CIV-24-635-JD |
| | ) |
| DAVID COLE et al., | ) |
| | ) |
|     Respondents. | ) |

## REPORT AND RECOMMENDATION

Petitioner James Jackson, proceeding pro se,[1] brings this action under 28 U.S.C. § 2241, seeking habeas corpus relief.[2] *See* Petition. Judge Jodi W. Dishman referred the case to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). Doc. 4.[3] For the

---

[1]  The Court construes a pro se litigant's pleadings liberally but will not act as his advocate, creating arguments on his behalf. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[2]  The Court consolidated *Jackson v. Cole*, No. 24-647-JD (W.D. Okla. June 24, 2024), with this case because the two cases "involve common questions of law and fact." *See Jackson*, No. 24-647-JD, at Doc. 10. But the actual § 2241 petition was filed as Doc. 1 in Case No. 24-647-JD. So to avoid confusion with other documents filed in this matter, the undersigned will reference that document as "Petition" rather than to its electronic case filing designation.

[3]  Citations to court documents other than the Petition are to its electronic case filing designation and pagination. Except for capitalization, quotations are verbatim unless otherwise indicated.

reasons stated below, the undersigned recommends the Court dismiss the Petition.

## I. Screening.

This Court must review a habeas petition and dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the United States District Courts. "The Rules Governing § 2254 Cases may be applied discretionarily to habeas petitions under § 2241." *Whitmore v. Parker*, 484 F. App'x 227, 231 n.2 (10th Cir. 2012); *see* Rule 1(b) ("The district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a).").

"A threshold question that must be addressed in every habeas case is that of exhaustion." *Harris v. Champion*, 15 F.3d 1538, 1554 (10th Cir.1994). "Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *see also Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) ("A habeas petitioner is generally required to exhaust

state remedies whether his action is brought under § 2241 or § 2254."). And this Court may raise exhaustion sua sponte. *Steele v. Young*, 11 F.3d 1518, 1523 n.10 (10th Cir.1993); *see also United States v. Mitchell*, 518 F.3d 740, 746 n.8 (10th Cir. 2008) ("Sua sponte consideration of exhaustion of state remedies . . . is explicitly permitted by Supreme Court precedent.").

## II. Background and Petitioner's grounds for relief.

On June 2, 2022, Petitioner entered a counseled plea of no contest to conspiracy, violation of the computer crimes act, aggravated possession of child pornography, and crimes against nature by beastiality in Hughes County Case No. CF-2020-42. *See State v. Jackson*, No. CF-2020-42, https://www.oscn.net/dockets/GetCaseInformation.aspx?db=hughes&number=CF-2020-42 (last visited Sept. 19, 2024); *see also Jackson v. State*, No. MA-2023-980 (Okla. Crim. App.) (docket entry dated Jan. 19, 2024 (designating charges and negotiated plea agreement on sentencing)); https://www.oscn.net/dockets/GetCaseInformation.aspx?db=appellate&number=MA-2023-980 (last visited Sept. 19, 2024);[4] *see also* Petition, at 1. Petitioner

---

[4] The undersigned takes judicial notice of the docket sheet and related documents in Petitioner's state-court proceedings. *United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007) (exercising "discretion to take judicial notice of publicly-filed records in our court and certain other courts concerning matters that bear directly upon the disposition of the case at hand").

later moved to withdraw his plea and the state district court denied his motion. *See* Case No. CF-2020-42 (docket entries dated June 13, 2022, and June 22, 2022).

On June 22, 2022, the state district court sentenced Petitioner to ten years' imprisonment for conspiracy, five years' imprisonment for violation of the computer crimes act, fifteen years' imprisonment plus fifteen years' probation for aggravated possession of child pornography, and ten years' imprisonment for crimes against nature. *See* Case No. MA-2023-980 (docket entry dated Jan. 19, 2024). Petitioner did not directly appeal his convictions and sentences under state law. *See* OKLA. STAT. tit. 22, § 1051(A) (providing "[a]n appeal to the Court of Criminal Appeals may be taken by the defendant, as a matter of right from any judgment against [him]" and "all appeals taken from any conviction on a plea of guilty shall be taken by petition for writ of certiorari to the Court of Criminal Appeals"). Petitioner has filed a post-conviction application in the state district court that is still pending. *See* Case No. CF-2020-42 (docket entry dated June 23, 2023).[5] Still pending as well is a

---

[5] Petitioner states he filed his state post-conviction application "on the very last day." Petition, at 2. But, because his conviction became final before November 1, 2022, he had until November 1, 2023, to file his application for post-conviction relief. *See Hammon v. State*, 540 P.3d 486, 489 (Okla. Crim. App. 2023) (enacting a grace period of the newly enacted one-year statute of

4

state writ of habeas corpus Petitioner filed in his criminal case on August 7, 2024. *Id.* (docket entry dated Aug. 7, 2024).

On June 24, 2024, Petitioner sought habeas corpus relief in this Court. *See* Petition. At the time he filed his Petition, Petitioner was incarcerated at the Lawton Correctional Facility in Lawton, Oklahoma. Petition, at 1. He is now incarcerated at the Joseph Harp Correctional Center, a medium security prison in Lexington, Oklahoma. *See* Doc. 22 (notice of change of address); *see also* https://oklahoma.gov/doc/facilities.html (classifying the facility as medium security) (last visited Sept. 19, 2024).

In his Petition, Petitioner asserts:

> The Petitioner's issue is as follows: After sentencing I was entitled to 1-year to file a post-conviction appeal! I did manage to file my appeal but only on the very last day! The various repeated often overtly intentional violations by various officials; which included destroying 2½ months of legal work caused extremely serious delays! These delays have denied me of any entitled "equitable

---

limitations for post-conviction applications for petitioners whose convictions became final on or before November 1, 2022); *see also* 22 Okla. Stat. tit. 22, § 1080.1(A)(1) (applying a "one-year period of limitation" to the filing of any original or subsequent application for post-conviction relief and running the limitation period from, among other dates, "[t]he date on which the judgment of conviction . . . became final by the conclusion of direct review by the Oklahoma Court of Criminal Appeals or the expiration of the time for seeking such review by the Oklahoma Court of Criminal Appeals," the date a state created impediment is removed that prevented a petitioner from filing, and the date on which the factual predicate "could have been discovered through the exercise of due diligence").

5

tolling time"! Rather than placing my "hopes" in various courts granting me "out-of-time appeals," I wish to plead for the court to order I be granted 8-months additional "tolling time" relating to my post-conviction appeal, that may turn into a habeas corpus filing in various federal courts.

Petition, at 2. Along with his request for "equitable tolling time" for his state post-conviction, Petitioner requests "sentence modification due to the intentional delay and/or denial of prison health services that have allowed and/or caused my various ailments to worsen and/or become permanent; . . . [and amounts to] 'cruel and unusual punishment.'" *Id.* He explains that his "healthcare 'issue'" "played a role in delaying [his] appeal submission." *Id.*[6] Also in support of his sentence modification request, Petitioner explains that prison staff retaliated against him by transferring him out of his protective custody cell block to another segregated cell block when they learned he planned to complain about the law library staff's "harassment" of him. *Id.* at 3-7.

Petitioner admits he has not exhausted his state court remedies. *See id.* at 7 ("Except for my post-conviction appeal, I have never challenged any

---

[6] Petitioner does not identify who denied or delayed his healthcare. Instead, he states generally that "the combined antics of prison law library and prison healthcare officials denied [him] 'due process,' caused 'cruel and unusual punishment,' and possibly other civil rights violations, . . . which denied [him] [his] entitled 'equitable tolling time.'" Petition, at 3.

decision or action of any court!"). He asks this Court to "re-instate[]" his "8-months of . . . 'equitable tolling time' regarding [his] June 2023 submitted post-conviction appeal," modify his sentence, compassionately release him so he "can sign [his] military retirement pay and social security over and sign into a nursing home for [his] remaining years, and "until [he] is released," he wants to "remain in protective custody in a <u>single person cell</u>"—preferably the one he was in before officials transferred him out of Unit 7C. *Id.* at 7-10. Additionally, he requests the Court order he receive "debt relief" from all law library services, "selected items from the LCRF property office," and "directed healthcare." *Id.* at 10, 19-20.

Petitioner also has several motions pending before the Court:

- A motion to appoint counsel. Doc. 1.
- Three motions to amend his request for injunctive relief. Docs. 7,[7] 13, 17.
- A motion to amend his habeas corpus petition. Doc. 12; and
- A motion to "expedite." Doc. 21.

---

[7]  In Document 7, Petitioner requested that the Court to dismiss his request for an injunction because prison officials had "cancelled [his] removal from [protective custody]." *Id.* at 2. He has since renewed his requests for the Court to intervene in his transfers between cells. *See* Docs. 13, 17.

7

In the motion to amend his habeas corpus petition Petitioner seeks to add facts related to his inability to timely file his post-conviction application and his request for sentence modification. Doc. 12, at 2-8. In the motions to amend his request for injunctive relief, Petitioner requests that the Court stop his transfer from protective custody to a maximum-security prison, and order officials to move him back to his previous cell. *See* Docs. 7, 13, 17, 21.

The undersigned recommends the Court deny the motions as moot.

### III.  The Court cannot grant Petitioner relief under § 2241.

"A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity . . . ." *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). Such attacks generally involve a "deprivation of good time credits and other disciplinary matters." *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997). While "a § 2241 attack on the execution of a sentence may challenge some matters that occur at prison, . . . this does not make § 2241 actions like condition of confinement lawsuits which are brought under civil rights laws." *Id.* at 811-12. Nor does it make it like a 28 U.S.C. § 2254 proceeding which is used by state prisoners "to attack the validity of a conviction and sentence." *Id.* at 811; *see also Palma Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012) ("In this circuit, a prisoner who challenges the fact

or duration of his confinement and seeks immediate release or a shortened period of confinement, must do so through an application for habeas corpus. In contrast, a prisoner who challenges the conditions of his confinement must do so through a civil rights action.").

Petitioner does not challenge a prison disciplinary matter or his sentence calculation. He instead complains about prison conditions concerning his health care, his cell placement, and the law library staff's "antics" which he claims delayed his state post-conviction filing by eight months. *See* Petition. He asks the Court to modify his sentence or grant him compassionate release, direct his healthcare, relieve his debt, and to order the state courts to grant him equitable tolling time on his post-conviction application. *Id*. at 7-10, 19-20. "Much of this relief cannot be granted at all, but particularly not in a § 2241 action." *Folsom v. Okla. Dep't of Corrs.*, 2018 WL 6683935, at *1, No. CIV-18-905-G (W.D. Okla. Oct. 17, 2018), *adopted by* 2018 WL 6683299 (W.D. Okla. Dec. 19, 2018, *aff'd,* 764 F. App'x 826 (10th Cir. 2019).[8] Because Petitioner

---

[8] For example, the *Rooker-Feldman* doctrine bars Petitioner's request that this Court order the state courts to grant him equitable tolling on his post-conviction application. *See, e.g.*, *Alexander v. Lucas*, 259 F. App'x 145, 148 (10th Cir. 2007) (rejecting the plaintiff's request for the court to vacate the state court's dismissal of prisoner's post-conviction petitions because "[n]either [it] nor the district court [had] jurisdiction to do so [under the *Rooker-Feldman*

asserts no claims the Court can address under § 2241, the undersigned recommends dismissal of the petition. *See Buhl v. Berkebile*, 597 F. App'x 958, 959 (10th Cir. 2014) (holding the district court did not err in ruling that the petitioner's claims, which "challenge[d] only the conditions of his confinement," "could not proceed in habeas").[9]

The undersigned further recommends the Court deny Petitioner's motion to amend his habeas corpus petition, Doc. 12, as moot because it raises no additional claims which the Court can decide under § 2241. The Court should also deny Petitioner's motions for injunctive relief related to what he claims is a retaliatory transfer from one cell block to another at the Lawton Correctional Facility. Docs. 7, 13, 17, 21. These claims are not proper under § 2241. Rather, the type of relief Petitioner seeks is appropriate to a § 1983 civil rights action. *See Buhl*, 597 F. App'x at 959 (holding that the petitioner's claim that his

---

doctrine] and "[t]he only federal review that [the prisoner] [could] seek [was] by writ of certiorari to the Supreme Court.").

[9] Even if Petitioner had raised cognizable § 2241 claims, he admits he did not seek relief for these claims in state court. So the Court must also dismiss the petition for failure to exhaust state remedies. *See, e.g.*, *Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010) (explaining that the exhaustion of available remedies "is a prerequisite for § 2241 habeas relief"); *see also Ray v. Crow*, 809 F. App'x 549, 550-51 (10th Cir. 2020) (holding district court did err in dismissing petitioner's unexhausted § 2241 petition and stating the petitioner "must exhaust his state remedies").

transfer to a special housing unit had violated his equal protection and due process rights and his request that the court order officials to transfer him back to general population did not sound in habeas corpus). Because the undersigned recommends that the Court dismiss the Petition, the Court should deny these motions as moot. *See, e.g.*, *Folsom*, 2018 WL 6683299, at *2 n.1 (denying as moot the petitioner's "Emergency Motion for Injunctions and T.R.O." after determining that "[t]he contentions in that motion support [the Magistrate Judge's] conclusion that [the petitioner] is seeking relief appropriate to a § 1983 civil rights action and not a § 2241 habeas action").[10]

---

[10]   Petitioner's transfer to another prison also moots his request that the Court order prison officials at the Lawton Correctional Facility to move him back to his old cell. *See, e.g.*, *Stephens v. Jones*, 494 F. App'x 906, 910 (10th Cir. 2012) (holding the plaintiff's request for a TRO was moot because "the focus of his original TRO request was on access to his legal materials at WSKCC" and "[t]hat request was undoubtedly mooted by his transfer to the John Lilley Correctional Center"); *Young v. Rios*, 2018 WL 3731115, at *2, No. CIV-15-641-R (W.D. Okla. June 29, 2018) ("[A]lthough Plaintiff was housed at JHCC when he filed this Motion, he since has been transferred to DCCC. There is no indication in the record that Plaintiff will return to JHCC in the foreseeable future. Plaintiff's request to enjoin officials' conduct toward him at that facility 'was undoubtedly mooted by his transfer' to another facility." (quoting *Stephens*, 494 F. App'x at 910)), *adopted by* 2018 WL 4225038 (W.D. Okla. Sept. 5, 2018).

11

## IV. The Court should not convert the Petition to a civil rights action.

While Petitioner could raise his conditions of confinement claims in a civil rights action, the Court should not convert his Petition, which he repeatedly maintains is a habeas corpus action, into a complaint under 42 U.S.C. § 1983. "Petitioner has not identified any individual defendants and his pleading in its current form, would not constitute 'a short and plain statement showing that he is entitled to relief.'" *Folsom*, 2018 WL 6683935. at *2 (citing Fed. R. Civ. P. 8(a)); *see also Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007 ("[A] complaint must explain what each defendant did to [the plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated.").

Additionally, if the Court were to liberally construe Petitioner's request that the Court modify his state-imposed criminal sentence as a direct attack on the validity of that sentence, then it would be subject to dismissal as an "improper use of Section 1983." *Alexander*, 259 F. App'x at 148. "In *Heck [v Humphrey*, 512 U.S. 477 (1994)], the Supreme Court stated that, if judgment in favor of the prisoner plaintiff in a Section 1983 damages suit 'would necessarily imply the invalidity of his conviction or sentence[, then] the

12

complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.'" *Id.* at 147 (quoting *Heck*, 512 U.S. at 487). So the Court should not convert the petition into a § 1983 complaint.

Petitioner could pursue relief under § 1983 for his civil rights claims, but he must initiate a new action filed on the proper complaint form and either pay the $405 filing fee or move to proceed in forma pauperis in that action.

## V.  The Court should also not convert this suit into a 28 U.S.C. § 2254 habeas corpus action.

"This court looks to the avenues of relief pursued by a pro se pleading to properly characterize the claims." *Owen v. United States*, 2022 WL 2256005, at *3 (10th Cir. June 23, 2022); *see also Castro v. United States*, 540 U.S. 375, 381-82 (2003) ("Federal courts sometimes will ignore the legal label that a pro se litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category. They may do so in order . . . to create a better correspondence between the substance of a pro se motion's claim and its underlying legal basis." (internal citations omitted)). In his Petition, Petitioner seeks, among other requests, a modification of his sentence and release from confinement. Petition, at 7-10. Although not tied to the validity of his conviction or sentence, these requests might be liberally construed as claims

13

for habeas corpus relief under § 2254. *See Owen*, 2022 WL 2256005, at *3 ("Because the goal of invalidating the statutes of conviction is Mr. Owen's release from prison, this claim is one for habeas relief pursuant to 28 U.S.C. § 2254."). But before recharacterizing a claim, this Court must engage in certain "safeguards." *Id*. This is due to the potential consequences to any § 2254 petition that Petitioner might file:

> Section 2244(b) imposes strict limitations on the rights of litigants to file second or successive § 2254 habeas petitions. As a result, before a district court reclassifies a habeas petition under § 2254, it "must notify the pro se litigant that it intends to recharacterize the pleading, warn the litigant that this recharacterization means that any subsequent [§ 2254] motion will be subject to the restrictions on 'second or successive' motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the [§ 2254] claims he believes he has."

*Clark v. Bruce*, 159 F. App'x 853, 856 (10th Cir. 2005) (quoting *Castro*, 540 U.S. at 383).

In this case, dismissal rather than recharacterization is warranted. Petitioner admittedly has not exhausted his state court remedies concerning his convictions and sentences. *See* Petition, at 2, 7. He did not pursue a direct appeal, and both his state post-conviction application and a state writ of habeas corpus are still pending in the state district court. *See supra* § II. So it would be necessary for the Court to dismiss any § 2254 claims he intended to

14

raise. *See* 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."); *see also Selsor v. Workman*, 644 F.3d 984, 1026 (10th Cir. 2011) ("To exhaust a claim, a state prisoner must pursue it through 'one complete round of the State's established appellate review process,' giving the state courts a 'full and fair opportunity' to correct alleged constitutional errors." (quoting *O'Sullivan*, 526 U.S. at 845)).[11] Under these circumstances, the Court should not recharacterize Petitioner's § 2241 petition into a § 2254 petition.

## VI. Recommendation and notice of right to object.

Petitioner filed a § 2241 petition but he asserts no claims the Court can address under that section. The undersigned therefore recommends that the

---

[11] While the time has passed for Petitioner to timely appeal, he may still move in the Hughes County District Court for an appeal out-of-time. *See, e.g.*, *Dixon v. State*, 228 P.3d 531, 532 (Okla. Crim. App. 2010) ( "[P]rior to filing any petition with [the appellate court] seeking leave to commence an out-of-time appeal, a defendant must first file a verified post-conviction application in the trial court for such an appeal" and, to "be entitled to the trial court's recommendation that he be granted an out-of-time appeal," the defendant "must establish before the trial court that he always desired to exercise that right of appeal but that he was denied the opportunity to do so through no fault of his own." (citing Rule 2.1(E), *Rules of the Okla. Ct. of Crim. App.*, OKLA. STAT. tit. 22, Ch. 18, App.)).

Court dismiss the Petition in its entirety. The undersigned also recommends the Court deny Petitioner's motion for counsel, Doc. 1, and his motions to amend, enjoin, and expedite, Docs. 7, 12, 13, 17, and 21, as moot.

The undersigned advises Petitioner of his right to file an objection to this Report and Recommendation with the Clerk of this Court on or before October 17, 2024, in accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(2). The undersigned further advises Petitioner that failure to make a timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues and terminates the referral to the undersigned Magistrate Judge in this matter.

**ENTERED** this 26th day of September, 2024.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE