IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAMES JACKSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV-24-00635-JD |
| ) | |
| DAVID COLE and STEVE HARPE, ) | |
| ) | |
| Respondents. ) | |

# **ORDER**

Petitioner James Jackson, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. *See* Petition.[1] The Court referred the matter to United States Magistrate Judge Suzanne Mitchell for initial proceedings under 28 U.S.C. § 636(b)(1). [Doc. No. 4]. Petitioner filed a number of motions in the consolidated action, including motions for appointment of counsel, motions to amend various pleadings, and a "Motion to Expedite." *See, e.g.*, [Doc. Nos. 1, 7, 12, 13, 17, and 21].

On September 26, 2024, Judge Mitchell issued a Report and Recommendation recommending that the § 2241 habeas petition be dismissed because it challenges only

---

[1] As the Report and Recommendation notes, the § 2241 petition was filed in a later-filed case, *Jackson v. Cole*, No. 24-647-JD (W.D. Okla. June 24, 2024), which the Court consolidated with this action because it involved common questions of law and fact. *See Jackson*, No. 24-647-JD, at [Doc. No. 10]; *see also id.* at n.1 (noting that Petitioner requested his two cases be combined). "[T]o avoid confusion with other documents filed in this matter," the Report and Recommendation "reference[s] that document as 'Petition' rather than to its electronic case filing designation." *Jackson*, No. 24-635-JD, at [Doc. No. 24 at 1 n.2]. The Court will also refer to it as the petition rather than by docket entry in this order.

the conditions of Petitioner's confinement, and such challenges must be brought under civil rights laws rather than § 2241. [Doc. No. 24 at 8–11]. "Even if Petitioner had raised cognizable § 2241 claims," the Report and Recommendation notes, Petitioner "admits he did not seek relief for these claims in state court." *Id.* at 10 n.9. Thus, Judge Mitchell also recommends dismissal "for failure to exhaust state remedies." *Id.* The Report and Recommendation recommends that the Court deny Petitioner's motion to amend his petition as moot "because it raises no additional claims which the Court can decide under § 2241." *Id.* at 10. Lastly, Judge Mitchell recommends against converting the petition to a civil rights action or a § 2254 habeas corpus action. *Id.* at 12–15.

Judge Mitchell advised Petitioner of his right to object to the Report and Recommendation by filing an objection with the Clerk of Court on or before October 17, 2024. *Id.* at 16. Judge Mitchell explained that failure to timely object to the Report and Recommendation waives appellate review of the recommended ruling. *Id.* Petitioner did not file an objection to the Report and Recommendation or request an extension of time to do so. Petitioner has filed nothing since the Report and Recommendation was issued and mailed to his last provided address on September 26, 2024.

"Within fourteen days after being served with a copy, any party may serve and file written objections to [the magistrate judge's] proposed findings and recommendations," and the Court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district

2

court or for appellate review." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). By not objecting to a magistrate judge's report and recommendation, the party waives his rights to challenge the legal and factual basis for the magistrate judge's decision. *See Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (holding that the plaintiffs "waived their right to appeal the magistrate's ruling" because they did not file any objections).

The Tenth Circuit has "adopted a firm waiver rule when a party fails to object to the findings and recommendations of the magistrate." *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). This rule "provides that the failure to make timely objection to the magistrate's findings or recommendations waives appellate review of both factual and legal questions." *Id.* There are two exceptions to the waiver rule: "when (1) a *pro se* litigant has not been informed of the time period for objecting and the consequences of failing to object, or when (2) the 'interests of justice' require review." *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005) (quoting *Moore*, 950 F.2d at 659). The Tenth Circuit has considered various factors to determine whether the interests of justice require review; these factors include: "[1] a *pro se* litigant's effort to comply, [2] the force and plausibility of the explanation for his failure to comply, and [3] the importance of the issues raised.'" *Id.* at 1120.

Regarding the first exception, the Tenth Circuit requires magistrate judges "to inform a pro se litigant not only of the time period for filing objections, but also of the consequences of a failure to object, i.e. waiver of the right to appeal from a judgment of the district court based upon the findings and recommendations of the magistrate."

3

*Moore*, 950 F.2d at 659. Here, Judge Mitchell advised Petitioner of his right to object on or before October 17, 2024, and stated "that failure to make a timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein." [Doc. No. 24 at 16]. This notification sufficiently informed Petitioner of the time period for objecting and the consequences of a failure to object.

Further, the interests of justice do not require review. The Report and Recommendation was mailed to Petitioner on September 26, 2024, and the Court has no evidence of Petitioner's effort to comply or an explanation for his failure to comply. *See Morales-Fernandez*, 418 F.3d at 1120. The Court is not aware of any reason to invoke the interests of justice exception. Thus, neither exception to the Tenth Circuit's firm waiver rule applies.

With no objection being filed, the Court accepts the Report and Recommendation [Doc. No. 24] and dismisses the petition for a writ of habeas corpus under 28 U.S.C. § 2241 without prejudice. The Court denies as moot Petitioner's motion for counsel [Doc. No. 1] and his motions to amend, enjoin, and expedite [Doc. Nos. 7, 12, 13, 17, and 21]. Petitioner's motion for counsel and motion to amend filed in the consolidated case, *Jackson v. Cole*, No. 24-647-JD (W.D. Okla. June 24, 2024), are also denied as moot.

IT IS SO ORDERED this 29th day of October 2024.

_____
JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE